{¶ 49} WILLAMOWSKI, J., concurs in part and dissents in part. I concur with the majority opinion in case number 14-06-50 reversing the injunction imposed due to the alleged expiration of the CUP. I further concur with the majority's limited sustainment of Davisson's assignment of error, since the trial court's September 19, 2006, journal entry enjoining Davisson "from the operation of any business or businesses in contravention of the Millcreek Township Zoning *Page 24 
Resolution" was an abuse of discretion insofar as it attempts to enjoin Davisson from operating the excavation business authorized by the terms of the original CUP.
 {¶ 50} I agree with the assessment noted in the first footnote of the majority opinion. The trial court says one thing while appearing to mean another. There is a second time in this case which the majority concedes that the trial court has said one thing but apparently meant another (see third footnote of majority opinion), and for this reason I dissent only concerning the finding of contempt in case number 14-06-49. The April 19, 2004, journal entry stated that Davisson was "enjoined from conducting additional businesses from his property,specifically Wolverine Trucking and Equipment, L.L.C., Cheetah Express, and Gopher Employee Leasing, unless specifically incidental to the excavation business." Entry, 1 (emphasis added). By specifying the businesses which were prohibited, the entry is limited to those businesses. Contrary to the majority's opinion, the court did not state that it was enjoining all additional businesses, including these companies. Instead, the court phrased its entry in a way that limited the businesses which were enjoined. It is an accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him. Bishop v. *Page 25 
Bishop, 5th Dist. No. 2001CA00319, 2002 WL 596825, 2002-Ohio-1861. The decree herein did not meet these requirements. At the time of the contempt finding, all of the evidence in this case indicates that none of these three businesses were being operated on the property. There was no competent, credible evidence presented to clearly and convincingly establish otherwise. Thus, although Davisson may have violated the trial court's intent of its April 19, 2004 order, he did not violate the specific terms of the hand modified order.[4] The majority acknowledges as much.
 {¶ 51} For this reason, I respectfully dissent from the majority in case number 14-06-49 and would reverse only the finding of contempt.
[4] Had the April 19, 2004 judgment entry actually been properly worded to effect the trial court's apparent intent, as now interpreted by the majority, I would be compelled to concur fully with the majority. *Page 1